UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAMS *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   No. 3:13-cv-1291-DRH-DGW |
| | ) |
| BAYER HEALTHCARE | ) |
| PHARMACEUTICALS INC., | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

## ORDER

**HERNDON, District Judge:**

This matter is before the Court on its own motion for the purpose of docket control.

(1) On December 19, 2014, the Court granted a motion, filed on behalf of attorney John J. Driscoll and Gregory J. Pals, to withdraw as counsel of record for the following plaintiffs (Doc. 31):

> Amber Arms, Mary Bolden, Christina Bowles Bowman, Loretta Brooks, Jennifer Carpenter, Cheresse Carter, Kendal Davis, Angela Lynn Eifler, Marcicella Escobar, Timika Jones, Gloria Karkoszka-Torres, Stacy Keister, Laura Kortenhorven, Christine Laweka, Tabitha Little, Kasara Marshall, Casey Martin, Lisa Means, Jennifer Newman, Elizabeth Proctor, Tessie Ray, Chiquita Rogers, Terrea Salyers, Deborah Sanford, and Lacey Varela

(2) On January 16, 2015, the Court granted a motion, filed on behalf of attorney John J. Driscoll and Gregory J. Pals, to withdraw as counsel of record for the following plaintiffs (Doc. 36):

Jessica Adams, Willnette Batiste, Shana Bennett, Lakisha Jolly, Rachel Lauther, Christina Bullard Lyon, and Kelsey Marmon

(3) In both orders, the Court directed withdrawing counsel to serve a copy of the order of withdrawal upon all counsel of record and upon the unrepresented parties. In addition, with regard to a supplementary entry of appearance the Court directed as follows:

> **Supplementary Entry of Appearance**: Should plaintiffs choose to continue pursuing this action, plaintiffs or their new counsel **must file a supplementary entry of appearance within 21 days of the entry of this Order**.
>
> **If plaintiffs or plaintiffs' new counsel fail to file a supplementary entry of appearance within 21 days of the entry of this Order, plaintiffs' claims will be subject to dismissal without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with the orders of this Court**.

(Doc. 31 and Doc. 36, emphasis in original).

(4) The time for filing a supplementary entry of appearance has expired. With the exception of plaintiff Timika Jones (*see* doc. 39), none of the above listed plaintiffs has taken any action with regard to the Court's directive.

(5) Federal courts have the inherent power to, *sua sponte*, dismiss a case for a plaintiff's failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386 (1962). However, in most instances courts must provide the plaintiff with due warning before dismissing a case for failure to prosecute. *Ball v. City of Chicago,* 2 F.3d 752, 756 (7th Cir. 1993).

(6)   The subject plaintiffs' failure to timely file a supplementary entry of appearance indicates that the subject plaintiffs are not making any efforts to move the case forward. Thus, pursuant to its inherent power to manage its own docket, the Court gives the subject plaintiffs **NOTICE OF IMPENDING DISMISSAL** for failure to prosecute the case. **Each subject plaintiff has up to and including March 9, 2015, to show good cause why her case should not be dismissed**.

(7)   For the reasons discussed herein, the Court finds that the following plaintiffs have failed to comply with court orders and to prosecute their case:

1. Amber Arms,
2. Mary Bolden,
3. Christina Bowles Bowman,
4. Loretta Brooks,
5. Jennifer Carpenter,
6. Cheresse Carter,
7. Kendal Davis,
8. Angela Lynn Eifler,
9. Marcicella Escobar,
10. Gloria Karkoszka-Torres,
11. Stacy Keister,
12. Laura Kortenhorven,
13. Christine Laweka,
14. Tabitha Little,
15. Kasara Marshall,
16. Casey Martin,
17. Lisa Means,
18. Jennifer Newman,
19. Elizabeth Proctor,
20. Tessie Ray,
21. Chiquita Rogers,
22. Terrea Salyers,
23. Deborah Sanford,
24. Lacey Varel,

25. Jessica Adams,
26. Willnette Batiste,
27. Shana Bennett,
28. Lakisha Jolly,
29. Rachel Lauther,
30. Christina Bullard Lyon, and
31. Kelsey Marmon

(8) Accordingly, the plaintiffs identified in paragraph (7) above are hereby provided **NOTICE OF IMPENDING DISMISSAL** for failure to prosecute. Each plaintiff is **ORDERED** to show good cause on or before **March 9, 2015** why the case should not be dismissed. **Failure to comply will result in dismissal of the case, without prejudice**.

(9) Further, the Court DIRECTS THE CLERK to mail a copy of this order to the 31 subject plaintiffs identified in paragraph (7) above.

SO ORDERED:

David R. Herndon
2015.02.09
12:27:20 -06'00'

**District Judge**                                                        Date: **February 9, 2015**
**United States District Court**