UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAMS *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   No. 3:13-cv-1291-DRH-DGW |
| | ) |
| BAYER HEALTHCARE | ) |
| PHARMACEUTICALS INC., | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

## ORDER

**HERNDON, District Judge:**

This matter is before the Court on its own motion for the purpose of docket control.

(1) On December 19, 2014, the Court granted a motion, filed on behalf of attorney John J. Driscoll and Gregory J. Pals, to withdraw as counsel of record for the following plaintiffs (Doc. 31):

    Amber Arms, Mary Bolden, Christina Bowles Bowman, Loretta Brooks, Jennifer Carpenter, Cheresse Carter, Kendal Davis, Angela Lynn Eifler, Marcicella Escobar, Timika Jones, Gloria Karkoszka-Torres, Stacy Keister, Laura Kortenhorven, Christine Laweka, Tabitha Little, Kasara Marshall, Casey Martin, Lisa Means, Jennifer Newman, Elizabeth Proctor, Tessie Ray, Chiquita Rogers, Terrea Salyers, Deborah Sanford, and Lacey Varela

(2) On January 16, 2015, the Court granted a motion, filed on behalf of attorney John J. Driscoll and Gregory J. Pals, to withdraw as counsel of record for the following plaintiffs (Doc. 36):

Jessica Adams, Willnette Batiste, Shana Bennett, Lakisha Jolly, Rachel Lauther, Christina Bullard Lyon, and Kelsey Marmon

(3)  In both orders, the Court directed withdrawing counsel to serve a copy of the order of withdrawal upon all counsel of record and upon the unrepresented parties. In addition, with regard to a supplementary entry of appearance, the Court directed as follows:

> **Supplementary Entry of Appearance**: Should plaintiffs choose to continue pursuing this action, plaintiffs or their new counsel **must file a supplementary entry of appearance within 21 days of the entry of this Order**.
>
> **If plaintiffs or plaintiffs' new counsel fail to file a supplementary entry of appearance within 21 days of the entry of this Order, plaintiffs' claims will be subject to dismissal without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with the orders of this Court**.

(Doc. 31 and Doc. 36, emphasis in original).

(4)  None of the subject plaintiffs filed a supplementary entry of appearance. Accordingly, on February 20, 2015, the Court filed a notice of impending dismissal (Doc. 44). The order directed the subject plaintiffs to show good cause on or before March 9, 2015 why her case should not be dismissed for failure to prosecute. The order warned that failure to timely respond would result in dismissal without prejudice.

(5)  The time for responding has expired and none of the subject plaintiffs has taken any action with regard to the Court's directive.

(6)   The subject plaintiffs' failure to timely file a supplementary entry of appearance and failure to respond to the Court's notice of impending dismissal indicates that the subject plaintiffs are not making any efforts to move the case forward.

(7)   The Court finds that the subject plaintiffs have failed to comply with court orders, to prosecute their case, and to show good cause why their case should not be dismissed.

(8)   Accordingly, the claims of the subject plaintiffs (specified below) are **DISMISSED** without prejudice for failure to prosecute.

1. Amber Arms,
2. Mary Bolden,
3. Christina Bowles Bowman,
4. Loretta Brooks,
5. Jennifer Carpenter,
6. Cheresse Carter,
7. Kendal Davis,
8. Angela Lynn Eifler,
9. Marcicella Escobar,
10. Gloria Karkoszka-Torres,
11. Stacy Keister,
12. Laura Kortenhorven,
13. Christine Laweka,
14. Tabitha Little,
15. Kasara Marshall,
16. Casey Martin,
17. Lisa Means,
18. Jennifer Newman,
19. Elizabeth Proctor,
20. Tessie Ray,
21. Chiquita Rogers,
22. Terrea Salyers,
23. Deborah Sanford,
24. Lacey Varel,

    25.    Jessica Adams,
    26.    Willnette Batiste,
    27.    Shana Bennett,
    28.    Lakisha Jolly,
    29.    Rachel Lauther,
    30.    Christina Bullard Lyon, and
    31.    Kelsey Marmon

**(9)** **Further**, as all other plaintiffs have previously been dismissed or severed, the Court **DISMISSES** the case in its entirety and finds the pending motion to dismiss (Doc. 10) to be **MOOT**.

**(10)** **Further, the Court DIRECTS THE CLERK to mail a copy of this order to the 31 subject plaintiffs identified in paragraph (8) above.**

    SO ORDERED:

Digitally signed by David R. Herndon
Date: 2015.03.13 15:19:30 -05'00'

**District Judge**                                            **Date: March 13, 2015**
**United States District Court**